UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| SEALING SYSTEMS, INC., | Case No. 10-CV-0835 (PJS/AJB) |
| | Case No. 10-CV-0974 (PJS/AJB) |
| Plaintiff, | |
| v. | |
| | ORDER |
| ADAPTOR, INC., | |
| Defendant. | |

---

Robert C. Haldiman, Michael R. Annis, and W.C. Blanton, HUSCH BLACKWELL SANDERS LLP, for plaintiff.

Daniel R. Johnson and Patrick J. Fleis, RYAN KROMHOLZ & MANION, S.C.; Terrance C. Newby, LEFFERT JAY & POLGLAZE, P.A., for defendant.

Defendant Adaptor, Inc. filed a declaratory-judgment action with respect to U.S. Patent No. 5,876,533 (known as the '533 patent) in the Eastern District of Wisconsin, where Adaptor is located, on November 13, 2009, a few days after plaintiff Sealing Systems, Inc. accused Adaptor of infringing the patent. Although Sealing Systems calls Adaptor's suit "precipitous," the law permits an accused infringer to file a declaratory-judgment action as soon as it is accused of infringement; no cooling-off period is required. As the Federal Circuit said in *Genentech, Inc. v. Eli Lilly & Company*, 998 F.2d 931, 936-37 (Fed. Cir. 1993), "[w]hen the patentee has explicitly charged that a current activity of the declaratory plaintiff is an infringement," an "actual controversy" exists for purposes of the Declaratory Judgment Act, 28 U.S.C. § 2201, and the declaratory plaintiff may bring suit.

Adaptor waited to serve its declaratory-judgment complaint until February 24, 2010. Sealing Systems makes much of this delay. Adaptor says that it did not serve the complaint

-1-

earlier because the parties were trying to resolve the dispute — and, in support of its claim, Adaptor submits a February 8, 2010 email to Adaptor from Sealing Systems, in which Sealing Systems refers to a recent conversation and follows up that conversation by making a settlement offer. Gagas Decl. Supp. Def. Reply Ex. 3 [Case No. 10-CV-0835, Docket No. 35-3]. It was entirely reasonable for Adaptor to hold off serving the complaint while the parties were trying to resolve the dispute. And even if the parties had not been trying to negotiate a settlement, Adaptor served its complaint well within the time permitted under the Federal Rules of Civil Procedure. The delay in serving the complaint is therefore a nonissue.

On March 17, 2010, Sealing Systems filed case number 10-CV-0835 in this District, accusing Adaptor of infringing the '533 patent — the same patent at issue in the Wisconsin declaratory-judgment action. Then on March 26, 2010, Sealing Systems filed another case in Minnesota — case number 10-CV-0974 — in which Sealing Systems accused Adaptor of infringing U.S. Patent No. 5,800,648 (known as the '648 patent). The '648 patent and the '533 patent descend from a common parent patent application.

Sealing Systems argues that issues related to the '533 patent and the '648 patent should be litigated in the same forum, and that this District is preferable to the Eastern District of Wisconsin. For all of the reasons given by Sealing Systems, the Court agrees that suits involving the '533 patent and the '648 patent should proceed in the same forum. But the appropriate forum for both cases is the Eastern District of Wisconsin.

As the Federal Circuit held in *Genentech*, in patent cases, whether a properly brought declaratory-judgment action should yield to a later-filed suit for patent infringement is a matter

of Federal Circuit law, not the law of the regional circuit. And *Genentech* further held that in patent cases, "the forum of the first-filed case is favored, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." 998 F.2d at 937. In so holding, the Federal Circuit expressly rejected *Tempco Electric Heater Corp. v. Omega Engineering, Inc.*, 819 F.2d 746 (7th Cir. 1987), a trademark case in which the Seventh Circuit held that an earlier-filed declaratory-judgment action should give way to a later-filed infringement action. Yet Sealing Systems bases much of its argument against transfer on *Tempco Electric* — a case that this Court, under *Genentech*, is expressly *forbidden* to follow.

The Court notes that *Genentech* was partially overruled by the United States Supreme Court in *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995). But *Genentech* was overruled only on the narrow question of whether a district court's decision to stay a declaratory-judgment action in favor of parallel state-court litigation should be reviewed de novo or with some deference. *Wilton* said nothing about how district courts should apply the first-filed rule in the first instance, and *Genentech* remains good law with respect to applying the first-filed rule in patent cases, as this Court already held in *Taylor Corp. v. Microthin.com, Inc.*, No. 01-762, 2001 U.S. Dist. LEXIS 24422, 2001 WL 1640063, at *2 (D. Minn. Sept. 11, 2001).

The Court therefore starts, as *Genentech* requires, from the premise that the action in the Eastern District of Wisconsin takes precedence over case number 10-CV-0835 — the case involving the '533 patent — unless considerations of judicial and party efficiency and the interests of justice weigh in favor of keeping the case in this District. They do not.

Both the Eastern District of Wisconsin and the District of Minnesota have substantial connections to this litigation. Wisconsin is the home of the alleged infringer, and much of the evidence regarding infringement and willfulness is located there. Minnesota is the home of the patent holder, and much of the evidence regarding validity is located here. Prospective witnesses are found in Wisconsin, Minnesota, Illinois, and, most likely, other states. One witness — Fischer-Harris & Associates, Adaptor's manufacturer's representative — has an office that sits almost on the border between Wisconsin and Minnesota. In short, both the Eastern District of Wisconsin and the District of Minnesota are appropriate places for this litigation. Even if it turns out that more witnesses are located in Minnesota than in Wisconsin (as Sealing Systems asserts), this does not make Minnesota a substantially more convenient forum than Wisconsin.

Moreover, Adaptor was not forum shopping when it filed suit in Wisconsin, as Sealing Systems insists. If an accused infringer files a declaratory-judgment action somewhere *other* than its home district, a court might suspect forum shopping. But Adaptor filed suit in the nearest federal courthouse, which is exactly where Adaptor would be expected to file suit.

In short, with respect to the '533 patent, Adaptor filed a perfectly legitimate declaratory-judgment action in its home district after Sealing Systems accused it of infringement — and Adaptor filed that action well before Sealing Systems filed its parallel infringement action in this District. Under *Genentech*, the first-filed rule applies, and nothing outweighs that rule. Case number 10-CV-0835 will therefore be transferred to the Eastern District of Wisconsin.

With respect to case number 10-CV-0974, involving the '648 patent, the Court agrees entirely with Sealing Systems that the same judge should preside over the cases involving the '533 patent and the '648 patent. Litigating both patents before the same judge will promote

-4-

judicial efficiency and guard against inconsistent rulings that might result if the two patents were litigated before different judges. But the correct approach, given the first-filed rule and the Court's ruling with respect to case number 10-CV-0835, is to transfer case number 10-CV-0974 to the Eastern District of Wisconsin, not to keep the two cases in this District.

The Court therefore transfers case number 10-CV-0835 to the Eastern District of Wisconsin under the first-filed rule and transfers case number 10-CV-0974 to the Eastern District of Wisconsin under 28 U.S.C. § 1404. The Court denies as moot all pending motions other than the motions to transfer. Those motions can be renewed in the Eastern District of Wisconsin.

## ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. With respect to case 10-CV-0835:

    a. Defendant Adaptor, Inc.'s motion to transfer or dismiss [Docket No. 13] is GRANTED IN PART as follows:

        i. The case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin. The Clerk of Court is directed to effect the transfer.

        ii. The motion is DENIED AS MOOT in all other respects.

    b. Defendant Adaptor, Inc.'s motion to stay [Docket No. 23] is DENIED AS MOOT.

c. Defendant Adaptor, Inc.'s motion to strike plaintiff's second amended complaint [Docket No. 37] is DENIED AS MOOT.

d. Plaintiff Sealing Systems, Inc.'s motion for leave to file a second amended complaint [Docket No. 49] is DENIED AS MOOT.

2. With respect to case 10-CV-0974:

a. Defendant Adaptor, Inc.'s motion to transfer or dismiss [Docket No. 12] is GRANTED IN PART as follows:

i. The case is TRANSFERRED to the United States District Court for the Eastern District of Wisconsin. The Clerk of Court is directed to effect the transfer.

ii. The motion is DENIED AS MOOT in all other respects.

b. Defendant Adaptor, Inc.'s motion to stay [Docket No. 25] is DENIED AS MOOT.

c. Defendant Adaptor, Inc.'s motion to strike plaintiff's second amended complaint [Docket No. 40] is DENIED AS MOOT.

d. Plaintiff Sealing Systems, Inc.'s motion for leave to file a second amended complaint [Docket No. 49] is DENIED AS MOOT.

Dated: July 22, 2010  s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge